UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVIDSON NOEL, a/k/a Noel Davidson,

                    Plaintiff,

    -against-                                    9:16-CV-1328 (LEK/DJS)

BRIAN MOORE, C.O., *et al.*,

                    Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se Plaintiff Davidson Noel, a/k/a Noel Davidson, commenced this civil rights action in November 2016, asserting claims arising out of his confinement at Riverview Correctional Facility ("Riverview C.F."). Dkt. No. 1 ("Complaint"). After review in accordance with 28 U.S.C. §§ 1915(e) and 1915A(b), the Court found that the Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 8 ("December Order") at 13. Because Plaintiff's claims against defendants Moore and Doe based on interference with legal mail, denial of access to the courts, and failure to properly investigate his grievance, and his Fourteenth Amendment failure-to-investigate claim against defendant Fiffiled, were also found to be repetitive and duplicative of Plaintiff's claims in Noel v. Moore (Noel I), No. 16-CV-996 (N.D.N.Y. filed Aug. 11, 2016), an earlier filed action, those claims were dismissed with prejudice and without leave to amend, Dec. Order at 13.

Plaintiff was afforded the opportunity to present an amended complaint if he wished to pursue his retaliation and medical care claims. Id. at 13–14. This Amended Complaint is now before the Court for review. Dkt. No. 11 ("Amended Complaint").

## II. DISCUSSION

Plaintiff's seventeen-page Amended Complaint is a disjointed and at times repetitive restatement of the claims asserted in his original Complaint. Am. Compl.[1] Original defendants C.O. Moore, C.O. "John Doe," and Sgt. Fiffiled are the only defendants named in the Amended Complaint. Plaintiff seeks an award of $81,000,000 in damages. Id. at 15.

### A. Claims Dismissed with Prejudice

In the Amended Complaint, Plaintiff reasserts his claims that a piece of incoming legal mail from the Court of Claims was tampered with on March 21, 2016, that he was denied access to the courts as a result, and that Sgt. Fiffiled failed to properly investigate his grievance. Id. at 3–13.[2]

These claims were dismissed with prejudice and without leave to amend upon initial review of the original Complaint. Dec. Order at 12.[3] Moreover, Plaintiff was specifically advised in the December Order that "[c]laims dismissed with prejudice shall not be included in an amended complaint." Id. Because these claims are not properly asserted in Plaintiff's Amended Complaint, the Court will not consider them further.

---

[1] For example, there are no substantial differences between pages ten and twelve, and pages eleven and thirteen.

[2] Plaintiff mentions in the Amended Complaint two additional incidents of mail tampering, neither of which involved the defendants in this action. Am. Compl. at 7. The first incident occurred in July 2010 at Five Points Correctional Facility; the second incident is alleged to have occurred in April 2014 at Cayuga Correctional Facility. Id.

[3] As noted in the December Order, the original Complaint in this action "represent[ed] the fourth time [Plaintiff] has submitted these claims to the Court for review." Dec. Order at 12.

## B. Retaliation Claim

In his original Complaint, Plaintiff claimed that C.O. Moore threatened him with physical harm and denied him "adequate law library access" in retaliation for his having filed a grievance regarding the incident with his legal mail. Compl. at 8. Plaintiff did not allege that he suffered any injury as a result of the alleged misconduct, which was described in wholly conclusory terms. Id. Upon review, this Court concluded that Plaintiff had not alleged facts sufficient to plausibly suggest that the actions taken by C.O. Moore were sufficiently "adverse" for purposes of a First Amendment retaliation claim. Dec. Order at 9–10. This claim was therefore dismissed without prejudice for failure to state a claim. Id. at 13–14.

In his Amended Complaint, Plaintiff restates his retaliation claim against C.O. Moore. Am. Compl. at 6. Plaintiff describes the adverse action taken against him as follows:

> Davidson Noel ha[s] received several threats by Officer Brian Moore who allegedly yelled at me while he told another officer to kill me during recreation s[e]cluded area pat frisk unsupervised no cameras to beating me up break my harm and any verbal threats abused vulgarity made several comment harm to Davidson Noel promised to insulting me or any adverse action disrespectful . . . .

Id. Plaintiff also claims that C.O. Moore denied him law library call-outs on more than one occasion. Id.

"[V]erbal harassment, or even threats, are generally held not to rise to the level of adverse action that will support a First Amendment retaliation claim." Rosales v. Kikendall, 677 F. Supp. 2d 643, 648 (W.D.N.Y. 2010) (citing Cabassa v. Smith, No. 08-CV-480, 2009 WL 1212495, at *7 (N.D.N.Y. Apr. 30, 2009) (Kahn, J.)). Here, insofar as Plaintiff alleges in his Amended Complaint that C.O. Moore threatened him with physical harm in retaliation for his having filed

3

an inmate grievance regarding his legal mail, the Court finds that these allegations do not suffice to plausibly suggest that "adverse action"—i.e., action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights—was taken against him. See Gill v. Pidlypchak, 389 F.3d 379, 380–81 (2d Cir. 2004) (describing this standard). The Court has also considered whether the allegations of the Amended Complaint plausibly suggest that Plaintiff was physically assaulted by another officer at the behest of C.O. Moore, and concludes that they do not. While not entirely clear, the Court construes Plaintiff's allegations as a description of threats made by C.O. Moore, a reading of the Amended Complaint that is consistent with the absence of an excessive force claim against either C.O. Moore or the unnamed officer.

Turning to Plaintiff's claim that C.O. Moore denied him access to the law library in retaliation for his grievance filing, the Court finds that this claim is alleged in wholly conclusory terms. See Am. Compl. at 6 ("Officer Brian Moore for the law library retaliated Davidson Noel on second occasions denied adequately law library several call out has been destruction adequate assistance from person who trained in the law . . . ."). In the absence of any supporting facts regarding this alleged misconduct, the Court concludes that Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Based upon the foregoing, and with due regard for Plaintiff's status as a pro se litigant, the Court concludes that he has not cured the pleading deficiencies identified in the December Order so as to set forth a retaliation claim against C.O. Moore.

**C. Medical Records Claim**

In his original Complaint, Plaintiff alleged that he was denied adequate medical evaluation and treatment during his confinement at Riverview C.F. Compl. at 9. Plaintiff also appeared to claim that he was denied access to his medical records and that he made a FOIL request that was improperly denied. Id. None of the named defendants were alleged to have been personally involved in this alleged misconduct. Upon review, the Court concluded that these claims were subject to dismissal for failure to state a claim upon which relief may be granted. Dec. Order at 11.

In his Amended Complaint, Plaintiff states that following the March 2016 incident involving his legal mail, he suffered mental anguish and experienced "emotional weakness depression overwhelming fatigue numbness." Am. Compl. at 4. Plaintiff alleges that in response to his request to review his medical records, an unidentified member of the medical staff "destroyed all my copie[s] [to] cover up the incident." Id. Plaintiff does not allege in his Amended Complaint that he was denied adequate medical care for his medical conditions, nor does he name one or more of his medical providers as a defendant.

Upon review, the Court finds that Plaintiff's allegations regarding the destruction of his copies of his medical records do not give rise to a claim for the violation of his constitutional rights cognizable under 42 U.S.C. § 1983. The Supreme Court has held that even intentional destruction of a prisoner's property may not be the basis for constitutional claims if sufficient post-deprivation remedies are available to address the claim. Hudson v. Palmer, 468 U.S. 517, 531–33 (1984) (citing Parratt v. Taylor, 451 U.S. 527, 539, 541 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986)). The Second Circuit has recognized that New York

5

provides "an adequate post-deprivation remedy in the form of, *inter alia,* a Court of Claims action." <u>Jackson v. Burke</u>, 256 F.3d 93, 96 (2d Cir. 2001) (per curiam) (citing <u>Love v. Coughlin</u>, 714 F.2d 207, 208–09 (2d Cir. 1983) (per curiam)).

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint is **DISMISSED with prejudice** in accordance with 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  February 01, 2017
        Albany, New York

Lawrence E. Kahn
U.S. District Judge